## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAAN MARION, Individually and
On behalf of all others similarly situated,

                                                 Case No:

    Plaintiffs,

v.

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC, and
FLEETCOR TECHNOLOGIES INC.

    Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT FOR
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, JAAN MARION, individually and on behalf of all others similarly

situated collective members comprised of all present and formerly employed inside

sales representatives (ISR) under the numerous official and unofficial titles such as:

Account Manager, Regional Account Manager, Account Executive, National Sales

Account Manager, Sales Executive, Outbound Sales Rep, Territory Salesman,

Business Sales Consultant, Business Developer, Regional Account Executive, Sr.

Sales Fleet Management Consultant, Fuel and Business Expense Management

Consultant, Sales Representative, Elite Sales Rep, Customer Success Manager,

etc….bring this FLSA section 216b collective action to recover underpaid and unpaid overtime wages owed to them by Defendants, FLEETCOR TECHNOLOGIES OPERATING COMPANY LLC and FLEETCOR TECHNOLOGIES INC. (HEREINAFTER "Fleetcor" or Defendants) as a result of Fleetcor's unlawful actions and schemes to avoid paying overtime wages in violation of the Fair Labor Standards Act ("FLSA").  Plaintiff states and alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. Section 1331 because this action asserts claims arising under federal law, the FLSA, 29 U.S.C. Section 201, *et seq*.

2.    Venue is proper in this District, pursuant to 28 U.S.C. Section 1391, because the Defendant resides in this District with principal offices located in this district, and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## PARTIES

3.    Plaintiff, JAAN MARION, is a resident of the State of Georgia, resides in this District and is a current employee of Defendant.

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

4.     MARION began his employment with Defendants jointly and concurrently in February 2019 as a contracted employee, and then became a full time direct employee under the title of Outbound Sales Representative on or about May 21, 2019 and has continued his employment working in the Norcross office, and remotely as an inside sales representative engaged in fuel card sales. Plaintiff's current job title with Defendant is ISR - Outbound III

5.     Plaintiff's offer letter from Fleetcor reflects the hiring company was Fleetcor Technologies Inc. with the Norcross, GA office, although Plaintiff was paid by the wholly owned subsidiary Fleetcor Technologies Operating Company LLC.  Regardless, Plaintiff and all similarly situated ISR were subject to the same Fleetcor: employee manual, rules, procedures and policies, which did not differentiate between the 2 respective Defendants or have separate policies, procedures for employee manuals.

6.     Further, all the marketing and sales activities of the Plaintiff were on behalf of the 2 Fleetcor Defendants jointly and concurrently under the singular Fleetcor brand and company name, and without distinguishing or differentiating the 2 individual corporate entities.

7.     Eventually, Plaintiff was assigned or given the job title of "Elite

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

Sales Representative," and his paystubs reflect the title or position as Sales Representative III.

8.     Defendant Fleetcor Technologies Inc. is a publicly traded foreign multi-billion dollar corporation trading under the symbol (FLT) with its principal place of business located at 109 NORTHPARK BLVD STE 500, COVINGTON, LA, 70433-5097, USA (formerly at 5445 Triangle Parkway, Suite 400, Norcross, Georgia, 30092).   Defendant may be served through its designated registered agent:   ERIC DEY, 3091 GOVERNOR LAKE DR BLDG 100, NORCROSS, GA, 30071, USA or at its corporate office in Norcross, Georgia.

9.     Defendant Fleetcor Technologies Operating Company LLC, is a wholly owned subsidiary of FLT with an identical corporate and principal office located at 5445 Triangle Parkway, Suite 400, Norcross, Georgia, and may be served by its designated registered agent:  Corporation Service Company, 2 SUN COURT, SUITE 400, PEACHTREE CORNERS, GA, 30092, USA.

10.     Fleetcor Technologies Operating Company LLC is a wholly owned subsidiary of the publicly traded Fleetcor Technologies Inc. (symbol FLT) that has annual revenues that exceed $500,000.00 per annum.

11.     Upon information and belief, the subsidiary, Defendant Fleetcor

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

Technologies Operating Company LLC is merely a paper name, or company in name only, whereas the Defendants operate as a single, integrated business enterprise, sharing officers, offices and managing employees and selling its products as if a single, integrated company under the Fleetcor name.

12.     Defendants are subject to the jurisdiction of the FLSA as a covered Employer, as Defendants engaged in interstate commerce and earnings exceeding $500,000 in each of the related prior 3 years, and it employs thousands of employees.

13.     Plaintiff, and all those similarly situated, are current and former employees of Fleetcor within the meaning of the FLSA, and Fleetcor employed them within three (3) years of the date this Complaint was filed.

14.     Marion has incurred unpaid overtime hours throughout the past 3 years preceding the filing of this lawsuit, similar to the ISR who made claims against Fleetcor over the past 6 years in such similar FLSA individual and class and collective actions such as:     *Jones and Bridgeforth v. Fleetcor*, case No. 1:15-cv-20455-KMM; *Green v. Fleetcor*, 1:17-cv-03575-LMM;   *Mitchev and Sellers v. Fleetcor Operating Company LLC*, Case No. 1:15-cv-03586-LMM; *Miller v. Fleetcor*, Case No. 1:13-cv-02403-SCJ; *Joshua Walker v. Fleetcor Operating Company LLC et al*, Case No. 1:16-cv-02003-CAP; *Taylor v. Fleetcor*

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

*Technologies Operating Company*, *LLC*, Case No. 1:16-cv-03737-LMM; *Hill v. Fleetcor Technologies Operating Company, LLC*, Case No. 1:17-cv-01324-WSD; and the pending FLSA case for Call Center CSR employees in the case of *Morrison v. Fleetcor Technologies Operating Company*, *LLC,* Case No. 1:21-cv-03950-TWT.

15.     Thus, Fleetcor is no stranger to being sued for its unlawful pay practices and numerous schemes to avoid paying overtime wages to its employees, especially to ISR, including Plaintiff Marion.

16.     Moreover, Fleetcor and its CEO are presently engaged in a very serious and complex lawsuit filed against them by the FTC, pending in the case of *FTC v. Fleetcor Technologies Inc.*, Case No. 1:19-cv-05727-AT.

## FACTUAL ALLEGATIONS

17.     Fleetcor employs inside sales representatives, upwards of 350 or more, working in multiple offices in Georgia, selling gas or fuel cards to businesses in what is referred to as B2B sales. Plaintiff and other ISR solicit to sell fuel cards to businesses without regards to geographic location across the U.S.

18.     Upon information and belief, Defendants also maintained a sales force of similar employees working from offices in Tennessee and Phoenix, Arizona, Chicago, Wichita, Kansas and otherwise working remotely and reporting

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

to any one of these various offices.

19.    Fleetcor provides fuel cards and workforce payment products to businesses, commercial fleets, oil companies, petroleum marketers and government entities throughout the United States.

20.    At all times relevant to this Complaint, Marion and those similarly situated, worked for Fleetcor as inside sales representatives under various and numerous job titles used interchangeably to describe persons whose primary job duties and functions are to sell Defendants' products and services from within Defendants' office in Norcross Georgia, and/or the Defendants' Atlanta office located at 5430 METRIC PLACE BUILDING 300, Peachtree Corners, GA 30092, or working remotely from their homes throughout the U.S.

21.    Plaintiff Marion, and those similarly situated, worked as hourly, non-exempt employees also entitled to earn monthly commissions based upon gallons charged to fuel cards.

22.    Fleetcor paid out commissions to Marion and all ISR on a monthly basis, 30 days in arrears.

23.    Plaintiff's annualized base pay was or is now, in the range of $43,000 per year, but Plaintiff, and other ISR in many monthly work periods of time

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

earned equal or greater amounts in commissions.

24.    Plaintiff Marion and those similarly situated worked over forty (40) hours routinely and with Fleetcor's knowledge and behest throughout their employment with Fleetcor.

25.    During the hiring process, Fleetcor, through its managers, represented to Plaintiffs and those similarly situated, that the job was a "forty (40) hour per week position".

26.    Plaintiff Marion, when hired, was lead to believe he was going to be able to meet sales requirements, and Key Performance Indicators (KPI), meaning certain performance metrics like x amount of talk time,  x number of dials, x number of sold applications for its fuel cards on a weekly basis by just working only a 40 hour work week.

27.    However, very soon after being hired, it became clear to Plaintiff that to meet and exceed sales goals, KPI, and to maximize commissions, working more than 40 hours in a week, especially towards the end of a month, was the norm and paramount for success and even continued employment.

28.    To say that Fleetcor operated its sales department or division as a boiler room type sales environment is an understatement.  Employees were

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

routinely escorted out without warning for not hitting sales goals, sales targets or KPI. The general rule was to produce and do what it takes to produce or be subjected to disciplinary action, including and up to termination.

29.    Moreover, there was little if any room for advancement or promotion, even when being a sales leader who earned praise and accolades or awards, like president's club etc.   Plaintiff even inquired and sought to apply for promotion and advancement opportunities, but was essentially told that he was too good a sales employee to be moved up.

30.    Beginning in 2014, Keith Miller, another inside sales representative filed an FLSA collective action making very similar allegations as alleged here such as suffering to work off the clock overtime hours without being paid for all such hours, let alone any premium.

31.    As a result of the *Miller v. Fleetco*r case, eventually, on some date uncertain, perhaps in the year 2016, Fleetcor for the first time instituted a time tracking system and program called "dayforce", which is in place up to the present.

32.    Regardless of the process, procedure, or system, prior to instituting the Dayforce system, Defendants willfully violated the FLSA by not tracking and

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

recording the times the NON-EXEMPT inside sales representatives actually worked.

33.     Despite Fleetcor's use of Dayforce and other actions, Fleetcor, by and through its managers and HR employees,  has known that ISR have continued to work off the clock, and work through meal breaks or less than bona fide meal breaks, as well as working on weekends and away from the office.

34.     Upon information and belief, Defendants historically and through the present monitored all phone calls, emails, computer logins and access times and have been aware for years of off the clock work, ISR working through meal breaks or taking less than a bona fide 30 minute meal break.

35.     Plaintiff worked overtime hours during one or more work weeks as to which his manager shaved/edited off overtime hours at the direction and instruction of upper management under a company scheme to minimize and/or avoid paying overtime wages.

36.     Plaintiff complained to management and Human Resources, who swept it under the rug, never paying him the wages and never actually completing a real investigation into this time shaving unlawful pay practice.   Thus, Defendants ratified, approved, and sanctioned managers shaving off overtime

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

hours as a company practice.

37.    Plaintiff Marion and other ISR also worked overtime hours off the clock, including working after the ending shift time and on weekends with the knowledge, behest and even instructions of his manager and Fleetcor.

38.    Thus, Plaintiff, and all other inside sales representatives, routinely worked over 40 hours without any pay or compensation, and Fleetcor maintained a common unlawful pay practice and policy of not paying overtime wages to them.

39.    Even through Defendants finally instituted a system of just electronically inputting or logging in hours, Fleetcor, through its managers, instructed employees that they were not to records more than 40 hours in any week, more than 80 hours in each 2 week period, and only to record 8 hours for each full day worked unless expressly authorized, but, meanwhile, encouraged, permitted and even instructed ISR to work extra hours off the clock to meet sales goals and KPI.

40.    Plaintiff and other ISR were subjected to meetings with managers after the ending shift time and while off the clock which could last 20 minutes. Plaintiff was not permitted to clock back in for these meetings.

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

41.     Plaintiff and other ISR were instructed at times not to leave the office and stay off the clock working until someone sold an application or they hit a certain sales goal, and similarly were told to work on weekends off the clock to hit sales goals.

42.     Plaintiff and the class of similarly situated employees regularly and routinely worked over forty (40) hours each week with Fleetor's knowledge and behest throughout their employment with Fleetcor.

43.     Shortly after his employment began, Plaintiff's superiors began to pressure, urge and encourage him and all other inside sales representatives to work beyond the scheduled 40 hours, including coming in early, staying late and working through lunches in order to meet goals and quotas and maximize sales.

44.     Fleetcor's managers encouraged and pressured Plaintiff and those similarly situated to work as many hours as necessary to meet sales production numbers and it became very clear that to succeed and maximize compensation and commissions, working overtime hours was necessary and the norm.

45.     Plaintiff was also made to believe through representations by Fleetcor that there was no minimum lunch break time he had to take, and on numerous times,  Plaintiff worked through much or all of the 1 hour provided

meal break, on and off the clock.

46.    During some clocked out meal breaks, Plaintiff was commanded by his manager to work.

47.    Plaintiff was unfamiliar with the Fair Labor Standards Act and its regulations, including the requirement that when working a full day, if he and other hourly paid employees were not afforded a 30 minute, uninterrupted meal break that they were legally entitled to be paid that 30 minutes of time, even when doing so puts such time as overtime hours.

48.    On other occasions, Plaintiff had to take very short lunch breaks, such as 20 minutes or less, and was never advised or apprised by Defendants that absent a 30 minute uninterrupted meal or lunch break, he was legally entitled to be paid this entire 30 minute time, all of which would be overtime hours.

49.    Further, even when Fleetcor permitted Plaintiff to work on the clock and report overtime hours to be paid premiums, Defendants willfully underpaid Plaintiff and all other ISR by failing to include the value of commissions in the regular rate and not the overtime rates paid, and instead, Fleetcor solely underpaid overtime premiums to Marion and all other ISR, even when paid.

50.    Fleetcor never explained to Plaintiff and all other ISR that upon

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

determining their monthly commissions and issuing payment, Fleetcor was required to go back to that preceding month and supplement the prior overtime wages paid with a sure up or true up of the additional overtime pay owed because of the vale of the commissions paid out.

51.    Why did Fleetcor only pay overtime premiums based upon time and ½ the base hourly rate and not include the commissions in the overtime rates? Because adding in the commission took time, effort, complex calculations and labor or administrative costs for the work, but primarily because it would cost the company millions of dollars in additional labor costs.

52.    Initially, there were no time tracking methods used by the Defendants to track time worked by Plaintiff and those similarly situated in the offices.

53.    Later, Fleetcor introduced a paper-based time tracking system. Plaintiff and all other sales representatives were required to fill in blank spaces on timesheets provided by Fleetcor but which were false, inaccurate and also continued to provide a means for Fleetcor to discourage reporting of overtime hours worked.

54.    Fleetcor let it be known of a De Facto policy against paying overtime hours, and any extra time is on them or "off the clock".  Thus, Plaintiff found no

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

reason to even attempt to record the overtime hours, as it was made absolutely clear to them, overtime hours would not be paid, and attempting to input or put down overtime hours was against policy.

55.   ISR were discouraged by Fleetcor of working on the clock and reporting overtime hours and against making any complaints of not being properly paid overtime wages in order to keep their jobs.

56.   It was made clear to ISR by management that they should be more concerned with keeping their jobs by hitting goals and KPI and maximizing their commissions than in making waves and complaints about unpaid overtime hours, which they saw as futile and contrary to their careers or jobs with the company.

57.   Upon information and belief, Fleetcor also created an environment of fear for ISR about complaining about wage claims, as most of the ISR who participated in prior wage lawsuits or made claims themselves found their careers at Fleetcor over or were involuntarily terminated from employment.

58.   Defendants made it clear to Plaintiff and all other sales representatives that production, sales and hitting KPI goals of phone calls, appointments and applications were the prime objectives and that they were to work as many hours as necessary to meet these goals and numbers or they would

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

be terminated as employees.

59.    The ISR's commission was also tied to the customers' continuous use of the Fuel Cards and maintaining happy and satisfied customers.

60.    This also became a second, serious problem of unpaid overtime hours, as Plaintiff and all others similarly situated all found it necessary in order to service their customers and maintain their commissions, they had to respond to telephone calls and sometimes emails after business hours, in the evenings, and on weekends, all of which were off the clock.

61.    Plaintiff's managers knew that Plaintiff and many of the inside sales representatives were all working "on call", by taking phone calls on their cell phones after 5pm, outside of the office on nights and on weekends.

62.    Even after the Complaints and Collective Actions of ***Jones and Bridgeforth v. Fleetcor***, case No.1:15-cv-20455-KMM; ***Green v. Fleetcor***, 1:17-cv-03575-LMM; ***Mitchev and Sellers v. Fleetcor Operating Company LLC***; Case No 1:15-cv-03586-LMM; ***Miller v. Fleetcor***, Case No 1:13-cv-02403-SCJ; ***Joshua Walker v. Fleetcor Operating Company LLC   et al***, Case No Case No.: 1:16-cv-02003-CAP; ***Taylor v. Fleetcor Technologies Operating Company, LLC***, 1:16-cv-03737-LMM; ***Hill v. Fleetcor Technologies Operating Company, LLC***,

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

1:17-cv-01324-WSD; and the pending FLSA case for Call Center CSR employees in the case of **Morrison v. Fleetcor Technologies Operating Company, LLC** Case No. 1:21-cv-03950-TWT, Fleetcor continued up to the present to permit, encourage and pressure inside sales representatives to work over 40 hours without paying premiums for all hours worked, including taking less than 30 minute bona fide, uninterrupted meal breaks.

63.   During the entire time Plaintiff and those similarly situated worked for Fleetcor, it knew that the inside sales representatives were working overtime and also working off the clock.

64.   Plaintiff was not part of the prior collective action cases in the above-referenced cases.

65.   The unlawful pay practices of Fleetcor have continued throughout the period of time these other prior lawsuits are and were pending up through the present, as even employees up through the filing of the complaint here were working overtime hours, with the knowledge of Fleetcor without being paid a premium for those hours.

66.   In other words, Fleetcor has never truly changed its unlawful pay practices to bring it within compliance of the FLSA and has continued to engage

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

in schemes to avoid paying overtime premiums and willfully underpaying overtime wages even when they did pay overtime wages.

## COLLECTIVE ACTION ALLEGATIONS

67.     When Plaintiff was hired, he was hired in a wave with 25 to 35 other ISR and put into a formalized classroom type, standardized training program for about 3 weeks.  This included classroom instruction, going into the "Training Bay" where they go through test runs of calls and communications with customers, and then out on the floor for supervised and monitored sales calls.

68.     Thus, all ISR are trained to perform their jobs in identical means, and according to standardized scripts and procedures.

69.     Plaintiff and other ISR do not negotiate or set their own prices.

70.     ISR are either inbound sales reps, or outbound sales reps, or a combination; all of whom perform essentially the same job requirements and are paid on similar compensation plans.

71.     Fleetcor also maintains other sales positions called "Account Managers," along with other variations of this title for the same job, whose job it is to upsell and continue to call upon existing customers to make additional sales.

72.     Upon information and belief, the class or collective size of similarly

situated ISR during the relevant class period is upwards of 750 employees, just in the Georgia offices, counting turnover during the past 3 years.  When factoring in all ISR working remotely or from Kansas or other present or former offices, the class size may be approximately 1,200 or more persons.

73.    Fleetcor housed fuel card inside sales representatives during some time in the past 3 years at both the Atlanta and Norcross office, and working remotely, especially since the Covid pandemic back in March to April 2020 and to the present.

74.    Everyone of the overtime lawsuits closed resulted in Fleetcor paying owed wages to the participating party plaintiffs, but, and yet, Fleetcor has continued with its unlawful pay practices and has never properly paid overtime premiums at the correct and lawful rate of time and one half the regular rate of pay, instead, only paying overtime premiums based upon the base pay and not including the commissions in the overtime rates.

75.    Despite Fleetcor being alerted of all the same claims as presented here by all the plaintiffs in these prior lawsuits,  Fleetcor has continued to engage in  willful  violations  of  the  FLSA  and  common  unlawful  pay  practices, particularly,  not  properly  compensating  inside  sales  representatives  for  all overtime hours worked including by actions of: a) shaving hours; b) discouraging

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

reporting and working on the clock for all overtime hours; c) maintaining a De Facto policy against working on the clock for all overtime hours; d) permitting ISR to take less than bona fide meal breaks of 30 minutes or more uninterrupted, and d) underpaying them for overtime hours even when paid.

76.    Plaintiff, and all other similarly situated inside sales representatives handle either inbound or outbound calls to sell gas or fuel cards to businesses.

77.    Plaintiff and all other ISR are micro-managed and highly scrutinized on a daily and weekly basis with very little room if at all in deviating from strict regulated manners in which to perform their job duties and responsibilities.

78.    Fleetcor was made aware by Plaintiff and other inside sales representatives of glitches and problems with the DAYFORCE time system, which has continued from the commencent by Fleetcor through the present.

79.    Management also edited and shaved off overtime hours of ISR.

80.    Inside sales representatives have had instances in which they could not log in when they started work, and had to wait for someone to figure out the problem, and on some occasions, inside sales representatives have reported that on one or more days, their login and logout times were missing from Dayforce or edited or changed, despite the employees working on those days and clocking in.

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

81.    As a result of these pervasive and routine errors, Plaintiff and all others similarly situated were not paid for all hours worked on some occasions.

82.    Throughout the term of Plaintiff's employment when working in the office and even remotely, Fleetcor did not require inside sales representatives, including Plaintiff to go home or leave their jobs and desks at 5:00pm, nor prevent them from logging in before 8:00 am.

83.    All ISR in the Georgia offices had standardized schedules of Monday to Friday, 8:00 am until 5:00 pm, with up to 1 hour for a meal break, thus a 45 hour workweek such that working through some or all of the meal breaks, and taking less than 30 minute lunches all resulted in overtime hours earned and worked.

84.    Managers would leave and even tell inside sales representatives only to log off at 5:00 pm, but never instructed inside sales representatives to cease working at 5:00 pm.

85.    Similarly, Fleetcor has continued to permit, allow and acquiesce throughout the relevant time period, inside sales representatives to take less than 30 minutes of bona fide uninterrupted lunch breaks without being paid back for all this time, most of which would be additional overtime hours

86.     Plaintiff brings this collective action lawsuit on behalf of himself and

all others similarly situated and proposes the following collective description:

> All persons who perform(ed) work for Fleetcor as an inside
> sales representatives (ISR) handling outbound or inbound calls
> at any of its Georgia offices, including Atlanta, and Norcross,
> Wichita office and any other office in the U.S., or who worked
> remotely reporting to any Fleetcor office under any title, such as
> Account Manager, Territory Manager, Account Executive, Sales
> Consultant, Sales Representative, Elite Sales Rep, Business
> Developer at any time within the period of (3) years prior to the
> filing of this Complaint or who are currently employed with
> Fleetcor.

## COUNT I
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT 29
## USC  § 207

87.     Plaintiff realleges and incorporates by reference all above paragraphs

as if fully set forth herein.

88.     The FLSA requires employers to pay employees wages at a rate no

less than one-and-a-half times their regular hourly rate of pay for all hours worked

in excess of forty (40) hours in individual work weeks. 29 U.S.C. § 207.

89.     Fleetcor, including both corporate Defendants, are individually and

jointly an "employer" of Plaintiff and those similarly situated within the meaning

of the FLSA.

90.     Fleetcor is an "enterprise" as defined by the FLSA and is engaged in

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

interstate commerce.

91.     Plaintiff and those similarly situated worked more than forty (40) hours in the workweeks going back three (3) years from the filing of this Complaint and did not receive overtime compensation for all of the overtime hours worked.

92.     Plaintiff and those similarly situated worked overtime hours but were unlawfully paid time and one half just their base hourly rates of pay for overtime hours, and not the correct and lawful rates of time and one half their regular rates of pay including the sums of commissions in the regular rate and overtime rates paid.

93.     Plaintiff and those similarly situated are not exempt employees under the FLSA or other Federal rules and regulations.

94.     Fleetcor has willfully violated Section 207 of the FLSA and is liable for overtime wages for a three (3) year period of time preceding the filing of this complaint to the date of trial for Plaintiff and all others similarly situated.

95.     The FLSA requires employers like Fleetcor to pay overtime premiums (wages) at time and ½ the employee's regular rate of pay, and which includes all remuneration, such as commissions, in the calculations.  See 29 CFR

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

§§ 778.108, 778.109.

96.    Fleetcor has known for the past 7 years or more the requirements of the FLSA, its regulations of the correct and lawful overtime rates to be paid, and the requirement to include commissions in these rates, but willfully chose to steal these wages from Plaintiff and all ISR and violate the FLSA.

97.    Fleetcor did not make a good faith effort to comply with the FLSA and owes Plaintiff and those similarly situated liquidated damages and an equal sum of all wages owed.

98.    Fleetcor knew that Marion and those similarly situated were working overtime hours and willfully refused to pay Plaintiff and all similarly situated inside sales representatives overtime pay at one and a half times their regular rate of pay.

99.    Fleetcor permitted ISR to suffer to work off the clock hours it knew and should have known were working off the clock in violation of the FLSA.

100.   Fleetcor permitted ISR to suffer to work 9 hour work days or more, taking less than bona fide, uninterrupted meal breaks of 30 minutes or more in violation of 29 CFR § 785.19 - Meal, and further never informed ISR that taking less than bona fide meal breaks required Fleetcor to credit them with 30 minutes

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

of time and thus additional overtime hours for each instance, or at a minimum, credit them the meal break times they took less than 30 minutes, back as on the clock times.

101.   Fleetcor unlawfully edited and shaved off overtime hours from Plaintiff's time records and upon information and belief, for other ISR.

102.   Fleetcor also willfully failed to pay overtime at the proper rate of one and one half time the employees' regular rate of pay including the value of all commissions and bonuses earned.

103.   Fleetcor at times during the relevant 3 year period preceding the filing of this complaint, maintained a De Facto policy against working more than 40 hours on the clock and discouraged ISR from working overtime hours on the clock, but meanwhile pressured them to hit goals, meet quotes and KPI and to do what it takes under threats and warnings of discipline and even termination of employment.

104.   Fleetcor has also violated the record keeping provision of the FLSA, 29 CFR 516.2, which mandates that an Employer record and track all the hours of non-exempt employees.

105.   Because of these unlawful pay practices presented here, which have

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

continued in the past three years up through the present, Plaintiff and those similarly situated have suffered lost wages and damages, including underpayment and non-payment of overtime wages.

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, requests from this Court and demands judgment as follows:

a. An order conditionally and finally certifying this case to proceed collectively;

b. Appointment of the Plaintiff as class representative;

c. Appointment of the undersigned as attorney of record for the collective class;

d. Authorization for the issuance of a notice to all similarly situated former and current inside sales representatives of Fleetcor that apprise the putative class and notify them of the pendency of this action and provides them with the opportunity to assert timely FLSA claims by the filing of individual consent to join forms;

e. A Judgement finding Plaintiff and those similarly situated are entitled to overtime pay at one and a half times their regular rate

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366

for all unpaid overtime hours worked and for the balance of underpayment of overtime wages for all prior overtime hours worked;

f.      Judgement against the Defendants Jointly and severally, finding they violated the FLSA;

g.      Judgement against the Defendants finding they acted willfully and in bad faith;

h.      Award of liquidated damages under the FLSA for all wages awarded;

i.      Special service award to Plaintiff for service as class representative;

j.      Award of Plaintiff's attorneys' fees, costs, and expenses;

k.      An Injunction barring Defendants' continued violations of the FLSA for the unlawful pay practices complained of herein; and

l.      All other equitable or legal relief the Court should deem necessary and just.


                                    Respectfully submitted,

/s/*Mitchell L. Feldman, Esquire*
Georgia Bar No.: 25779
1201 Peachtree Street NE
2nd Floor
Atlanta, GA 30361
Tel: (813) 639-9366
Fax: (813) 639-9376
EMail:Mfeldman@flandgatrialattorneys.com
Attorney for Plaintiff

Feldman Legal Group . | 1201 Peachtree Street NE | 2nd Floor,| Atlanta | GA | 30361 | P: (813) 639-9366