**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

JAAN MARION,

       Plaintiff

       v.                      Case No. 1:21-cv-04936-MHC

FLEETCOR TECHNOLOGIES
OPERATING COMPANY, LLC, and
FLEETCOR TECHNOLOGIES INC.,

       Defendants.

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT
AND ENTRY OF AN ORDER OF DISMISSAL
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Jaan Marion ("Marion"), individually and on behalf of the opt-in plaintiffs he represents (collectively, "Plaintiffs"), and defendants, FLEETCOR Technologies Operating Company, LLC ("FLEETCOR, LLC") and FLEETCOR Technologies, Inc. ("FLEETCOR, Inc.") (collectively, "Defendants"), jointly move the Court for approval of the settlement agreement entered into in this action (the "Agreement") and entry of an order of dismissal with prejudice.[1]  The parties have agreed that the terms reflected in the Agreement are mutually satisfactory and

---

[1] A copy of the Agreement is attached hereto as Exhibit A.

represent fair and reasonable compromises of the claims asserted in this action.  The Court's approval and entry of an order of dismissal with prejudice will consummate the Agreement between the parties.  The grounds for this joint motion are set forth in the following memorandum of law.

## MEMORANDUM OF LAW

### A.    Background

On December 2, 2021, Marion filed this putative collective action pursuant to Section 16(b) of the Fair Labor Standards Act ("FLSA"), alleging that Defendants denied Marion and other similarly-situated individuals overtime wages in violation of the FLSA.  (Doc. 1)  Defendants have denied and continue to deny in every particular Plaintiff's overtime claims.

In response to Marion's complaint, on February 22, 2022, Defendant FLEETCOR, LLC filed a Motion to Dismiss Collective Action Allegations ("Motion to Dismiss") based on the first-filed rule.[2]  (Doc. 24)  Shortly thereafter, on March 3, 2022, Marion filed a Motion for Conditional Certification and for Court Supervised Issuance of Notice ("Motion for Conditional Certification").  (Doc. 29)

---

[2] Defendant FLEETCOR, Inc. later joined and adopted the arguments of the Motion to Dismiss.  (Doc. 37)

In light of the pending Motion to Dismiss, on March 15, 2022, FLEETCOR, LLC filed a Motion to Stay Briefing on Plaintiff's Motion for Conditional Certification, or, in the Alternative, to Extend the Deadline for Responding to Moton for Conditional Certification ("Motion to Stay"). (Doc. 30) A couple of days later, on March 17, 2022, this Court granted, in part, the Motion to Stay, staying Defendants' time to respond to the Motion for Conditional Certification until further notice and while the Motion to Stay was being further briefed by the parties. (Doc. 31)

Marion filed his response to the Motion to Stay on March 31, 2022 (Doc. 33), and FLEETCOR, LLC filed its reply in support of the Motion to Stay on April 7, 2022. (Doc. 36) On April 4, 2022, Marion filed his response to the Motion to Dismiss. (Doc. 35)

In an effort to alleviate the need for the parties and the Court to expend additional time and resources with respect to the pending motions and future proceedings in the case, the parties conferred on numerous occasions regarding potential mediation of this action at an early juncture. The parties subsequently agreed to mediate this case on May 13, 2022, before A. Lee Parks of Henning Mediation and Arbitration Services.

In light of their agreement to mediate, on April 13, 2022, the parties filed a Joint Stipulation and Motion to Stay Case Pending Outcome of Agreed Mediation, requesting that all proceedings in this case be stayed, including any outstanding briefing deadlines, pending the outcome of the May 13 mediation. (Doc. 38)  The following day, the Court issued an order granting the parties' request in this regard. (Doc. 39)

Although, due to the stay, this Court did not rule on Plaintiff's Motion for Conditional Certification and request for court supervised notice to all those similarly situated, seventeen (17) current and/or former employees filed consent forms to opt into this action as party plaintiffs (in addition to Marion).  Accordingly, there are currently eighteen (18) Plaintiffs in this action.

In advance of the mediation, the parties engaged in separate fact investigations regarding the claims in this case and Defendants provided Plaintiffs with relevant information regarding Plaintiffs' pay.  On May 13, 2022, the parties participated in a full-day mediation before Mediator A. Lee Parks.  With the assistance of Mr. Parks, a well-regarded and skilled mediator experienced in mediating wage and hour disputes, the parties were able to reach an agreement that, if approved by the Court,

PD.38083071.1

would completely resolve Plaintiffs' claims against Defendants.[3]  The parties now file this joint motion requesting that the Court approve the settlement and dismiss this action with prejudice.

**B.**     **Legal Principles**

In general, the overtime provisions of the FLSA are mandatory and not subject to negotiation or bargaining between employers and employees.  *See, e.g., Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945).  However, there are two ways an employee may settle and waive a claim against an employer for unpaid overtime pay and minimum wages under the FLSA where the settlement reflects a compromise of the wages and liquidated damages owed: (1) if the payment of overtime pay is supervised by the Secretary of Labor, **or** (2) in the context of a private lawsuit brought by an employee against his employer, if the parties present the district court

---

[3] After filing this action, Marion and Plaintiff Frederick Weiner filed a separate action against FLEETCOR, LLC in Georgia state court asserting claims for*, inter alia,* commissions and stock options they alleged they were owed in connection with their employment with FLEETCOR, LLC.  At the May 13 mediation, Marion, Weiner and FLEETCOR, LLC were also able to reach an agreement to resolve the state court action, styled *Jaan Marion and Frederick Weiner v. FLEETCOR Technologies Operating Company, LLC,* Case No. 22-A-02226-3, in the Superior Court of Gwinnett County, State of Georgia.  Marion and Weiner are entering into a separate Confidential Settlement Agreement and Mutual General Release with FLEETCOR, LLC in their individual capacities in which they agree to dismissal of the State Action with prejudice, a general release, and confidentiality provisions in exchange for additional payments from FLEETCOR, LLC.

PD.38083071.1

with a proposed settlement and the court enters an order approving the fairness of the settlement.  29 U.S.C. § 216(c); *Nall v. Mal-Motels, Inc.,* 723 F.3d 1304, 1306-07 (11th Cir. 2013); *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

Where an employee agrees to receive less than the full wages and liquidated damages he or she claims to be owed, the parties may secure an enforceable agreement to settle and release FLSA claims against the employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computation actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement.  *Nall,* 723 F.3d at 1306-07; *Lynn's Food*, 679 F.2d at 1354.

The purpose of the court's evaluation of an FLSA settlement is to ensure that the compromise is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."  *Lynn's Food Stores*, 679 F.2d at 1354-55.  There "is a 'strong presumption in favor of finding a settlement fair.'"  *Acevedo v. Al. Residential, LLC,* 2012 WL 13135317, at *1 (N.D. Ga. June 18, 2012) (quoting *Rastellini v. Amy Charles, Inc.,* 2009 WL 2579316, at *2 (M.D. Fla. Aug. 17, 2009).  If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court

PD.38083071.1

may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

In addition, as one district court within the Eleventh Circuit observed in *Bonetti v. Embarq Mgmt. Co*., 715 F. Supp. 2d 1222 (M.D. Fla. 2009):

> Short of a bench trial, the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement. Many factors may be in play as the parties negotiate a compromise that is acceptable to both sides. The parties may disagree as to the number of hours worked by the plaintiff, the plaintiff's status as an exempt employee, or the defendant's status as a covered employer. In certain cases, the Defendant may assert (or threaten to assert) a counterclaim arising from the employment relationship. If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is "unreasonable."

*Bonetti*, 715 F. Supp. 2d at 1227. As further explained by another court in this District, there is no need to analyze the reasonableness of the amount of attorneys' fees agreed upon in an FLSA settlement agreement, where the attorneys' fees are agreed upon separately without regard to the amount paid to the plaintiff. *See Mack, et al v. CVS Caremark Corp., et al,* No. 1:12-cv-01808-SCJ (N.D. Ga. Aug. 2, 2013) (Jones, J.) (Doc. 59) (citing *Bonetti*, 715 F. Supp. 2d at 1228, and granting parties' joint motion for approval of settlement agreement without analyzing reasonableness of attorneys' fees, where the parties agreed that the attorneys' fees were negotiated separately from the amounts to be received by plaintiffs).

C.    **Argument**

This case clearly involves a dispute in which the Court may allow Plaintiffs in this action to settle and release their FLSA claims against Defendants.  First, the proposed settlement arises in an adversarial context, with pending litigation and with the parties represented by competent counsel, who have experience handling complex and large FLSA collective actions.  The parties have engaged in a fact investigation and conducted an extensive review of Plaintiffs' voluminous pay records, among other relevant documents, in order to develop the factual and legal issues impacting the parties' claims and defenses.

Additionally, the FLSA claims asserted against Defendants involve bona fide disputes about FLSA liability and damages and, consequently, the Agreement represents a reasonable compromise of the disputed issues.   Plaintiffs claim that they worked compensable overtime hours (over 40 hours in a workweek) for which Defendants did not pay appropriate overtime premium compensation.  Defendants, on the other hand, deny liability to the Plaintiffs and, additionally, contend that Plaintiffs' estimates of hours worked and alleged unpaid overtime hours are unrealistic, grossly exaggerated, and/or include time that is not legally compensable under the FLSA.

At mediation, the parties and their counsel considered their competing evidence and legal arguments, and discussed competing damage models and calculations based on various assumptions and scenarios.  With the assistance of a skilled mediator, the parties compromised and negotiated a settlement that entailed Defendants' agreement, without admitting liability, to pay Plaintiffs a total settlement amount that took into account Plaintiffs' individual circumstances, including, but not limited to, the number of workweeks each Plaintiff worked in the applicable period, each Plaintiff's consent filing date and each Plaintiff's rate of pay and commission/bonus compensation.

As to allocation of the total settlement amount, four (4) Plaintiffs who had no record of working during any of the workweeks within the applicable period were allocated a nominal amount of the total settlement.[4]  Two (2) Plaintiffs who had worked a relatively minimal number of workweeks within the applicable period were allocated a slightly higher-than-nominal amount of the total settlement.  As to the remaining Plaintiffs, they were each allocated a portion of the balance of the settlement amount on a pro-rata basis based on the number of workweeks they

---

[4] Those four (4) Plaintiffs are Andrew Finnie, Shakira Chance, Eric Harris and Destiny Pendarvi.

worked within the applicable period.  A breakdown of the individual Plaintiffs' pro-rata payment amounts are listed in Exhibit A to the Agreement.

The settlement pay amounts ultimately agreed upon cover the longest possible statute of limitations period for each class member and include an equal amount allocated as liquidated damages (even though Defendants challenged the appropriateness of liquidated damages and the application of the three-year statute of limitations).  For the Plaintiffs with workweeks during the statute of limitations period, the value of each Plaintiffs' settlement amount represents approximately one-hour of overtime per workweek worked plus liquidated damages, regardless of how many hours the Plaintiffs actually worked that week (including holiday weeks and weeks in which Plaintiffs could not have worked more than 40 hours, *i.e*., doctor appointments, PTO, etc.).  In exchange for these settlement payments, Plaintiffs agreed to release all claims related to their claims for unpaid wages up to and including the date on which the Court approves the Agreement, and agreed to the dismissal of this action, and all claims in it, with prejudice.

The parties agree that Plaintiffs' respective settlement amounts, along with the various covenants contained within the Agreement, are fair in light of the parties' contentions.  Plaintiffs' counsel believes that the claims in this action have merit and that the evidence to date supports the claims.  However, Plaintiffs' counsel

PD.38083071.1

recognizes that Defendants have certain potential defenses to liability and damages, and acknowledges the expense and delay of continued lengthy proceedings necessary to prosecute this action against Defendants through trial and appeal. Plaintiffs and Plaintiffs' counsel in this action have taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' counsel further recognizes that there is the potential for a trier of fact to conclude that Plaintiffs are not entitled to relief under the FLSA that would exceed the amounts agreed to in the Agreement.  Plaintiffs' counsel believes that the Agreement confers substantial benefits on each Plaintiff, and that independent review of the Agreement by the Court in the approval process will confirm this.  Based on a thorough evaluation of their damages model, Plaintiffs, with the assistance and recommendation of their counsel, have concluded that the Agreement (and the payouts contained therein) is in their best interests.

Defendants have denied and continue to deny that Plaintiffs are legally entitled to the relief received under the Agreement.  Defendants also have denied and continue to deny, *inter alia*, the allegations that Plaintiffs have suffered damages by reason of the alleged failure to pay overtime wages, or that Plaintiffs were harmed by the conduct alleged in the action.  In fact, Defendants maintain that they have various factual and legal defenses that they could successfully assert in this action.

Nonetheless, Defendants have concluded that the further conduct of the action would be protracted and expensive, and that it is desirable that the action be fully and finally settled in a manner upon the terms and conditions set forth in the Agreement in order to limit further expense, inconvenience, and distraction. Defendants have taken into account the uncertainty and risks inherent in any litigation. Defendants, therefore, have determined that it is desirable and beneficial to them that the action be settled in the manner set forth in the Agreement.

Finally, the parties stipulate that the amount Defendants agreed to pay Plaintiffs' class counsel for attorneys' fees and costs is fair and reasonable. Over the approximate six (6) months in which this action has been pending, Plaintiffs' counsel spent a significant amount of time preparing the pleadings, including briefs in connection with the several motions that were filed; reviewing documents; preparing damages models; analyzing records; researching applicable issues; speaking with members of the putative collective; and engaging in informal discovery. Based upon their lodestar, Plaintiffs' counsel incurred fees and costs in connection with this action in excess of the amount Defendants were agreeable to paying, but agreed to the reduced fee amount provided for in the Agreement in order to bring this matter to an end and avoid the risks inherent in continuing this action,

including the possibility that Plaintiffs Counsels' clients may recover much less than that provided for in the Agreement or nothing at all.

The parties advise the Court that the attorneys' fees and costs to be paid by Defendants under the Agreement are not based upon the amounts claimed to be owed to each Plaintiff, such that there is no correlation between the amount of consideration to be paid to Plaintiffs and the attorneys' fees or costs to be paid by Defendants. Rather, the attorneys' fees and costs in this case were analyzed and reviewed in addition to—and completely separate from—the specific amounts claimed by each Plaintiff. Again, as explained in *Bonetti,* where

> the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

*Bonetti*, 715 F. Supp. 2d at 1228. Further, "[t]he Court should be mindful of the strong presumption in favor of finding a settlement fair." *Mannino v. Anderson-Collins, Inc.*, 2008 WL 2857061, at *2 (M.D. Fla. July 22, 2008) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)); *see Siegenthaler v. Kane Furniture Co. of Ormond Beach, Inc.*, 2007 WL 1893906, at *2 (M.D. Fla. July 2,

2007) ("[A] settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (citation omitted))). "If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable. Rarely will the Court be in a position to competently declare that such a settlement is 'unreasonable.'" *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010) (citation omitted); *see Thomas v. Port II Seafood & Oyster Bar, Inc.*, 2016 WL 5662032, at *2 (S.D. Ala. Sept. 29, 2016).

In the instant case, the attorneys' fees and costs allocated to Plaintiffs' counsel were negotiated separately and without regard to the amount Defendants have agreed to pay to Plaintiffs. As such, the recovery by Plaintiffs was not adversely affected by the amount of the attorneys' fees and costs paid to their counsel.

In sum, Plaintiffs are represented by competent counsel, and the settlement amounts and terms were the subject of extensive negotiations. The Agreement represents a fair and reasonable compromise of Plaintiffs' claims—including issues involving liability, computation of overtime wages, and application of various defenses, all of which were actually in dispute—and should be approved by the Court.

## **CONCLUSION**

Based on the foregoing, the parties respectfully request that the Court review and approve the Agreement and enter an order approving the settlement and dismissing this action with prejudice.  The parties further request that the Court reserve continuing jurisdiction over the construction, interpretation, implementation, and enforcement of the parties' Agreement and over the administration and distribution of the benefits provided by the Agreement.  A proposed Order is attached hereto as Exhibit B.

Respectfully submitted July 15, 2022.

| **For Plaintiff:** | **For Defendants:** |
|---|---|
| *s/ Mitchell L. Feldman, Esq.* | */s/ Paul R. Barsness* |
| Mitchell L. Feldman, Esq. | Susan W. Furr (PHV) |
| Feldman Williams, PLLC | Jessica C. Huffman (PHV) |
| mfeldman@flandgatrialattorneys.com | PHELPS DUNBAR LLP |
| 1201 Peachtree Street, N.E. | II City Plaza, Suite 1100 |
| 2nd Floor | P.O. Box 4412 |
| Atlanta, GA 30361 | Baton Rouge, LA 70802 |
| T: (813) 639-9366 | TEL: (225) 346-0285 |
| F: (813) 639-9376 | FAX:  (225) 381-9197 |
| | susie.furr@phelps.com |
| | huffmanj@phelps.com |
| | |
| | Dennis M. McClelland (PHV) |
| | Jason A. Pill (PHV) |
| | PHELPS DUNBAR LLP |
| | 100 South Ashley Drive |
| | Suite 2000 |
| | TEL: (813) 472-7550 |

FAX: (813) 472-7570
dennis.mcclelland@phelps.com
jason.pill@phelps.com

*Lead Counsel for Defendants*

Paul R. Barsness, Esq.
PARKER, HUDSON, RAINER
& DOBBS, LLP
303 Peachtree Street, N.E.
Suite 3600
Atlanta, GA 30308
TEL: (404) 523-5300
FAX: (404) 522-8409
prb@phrd.com

*Local Counsel for Defendants*

## CERTIFICATE OF COMPLIANCE

I hereby certify that, pursuant to Local Rule 7.1(D), the foregoing motion and

incorporated memorandum of law has been prepared in times New Roman, 14-

point font, in conformance with Local Rule 5.1(C).

*/s/ Paul R. Barsness*
Attorney

- 16 -

PD.38083071.1

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 15, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will electronically serve the following:

> Mitchell Lloyd Feldman
> Feldman Williams, PLLC
> 1201 Peachtree Street, N.E.
> Second Floor
> Atlanta, Georgia  30361
> mfeldman@flandgatrialattorneys.com

> */s/ Paul R. Barsness*
> Paul R. Barsness