## FLSA SETTLEMENT AGREEMENT

This is a FLSA SETTLEMENT AGREEMENT (the "Agreement") entered into by and between Jaan Marion ("Marion"), individually and on behalf of the seventeen (17) additional opt-in party plaintiffs (collectively, "Plaintiffs"), and FLEETCOR Technologies Operating Company, LLC ("FLEETCOR, LLC") and FLEETCOR Technologies, Inc. ("FLEETCOR, Inc.") (collectively, "Defendants").

## BACKGROUND

On December 2, 2021, Marion filed an action against Defendants, styled as *Jaan Marion, individually and on behalf of all others similarly situated v. FleetCor Technologies Operating Company, LLC and FleetCor Technologies, Inc.,* Case No. 1:21-cv-04936-MHC (N.D. Ga.) (the "Federal Action"). Marion alleged in the Federal Action that Defendants violated the Fair Labor Standards Act ("FLSA") by failing to pay him and others similarly situated proper overtime compensation for hours they worked over 40 in a workweek during their employment with Defendants. In response, Defendants filed a Motion to Dismiss Collective Action Allegations based on the first-filed rule. Defendants have denied and continue to deny in every particular Plaintiffs' overtime claims.

After the filing of the Federal Action and prior to conditional certification, seventeen (17) additional current and/or former employees filed consent forms and thereby affirmatively opted into the action as party plaintiffs. Accordingly, there are currently eighteen (18) Plaintiffs in the Federal Action. The parties acknowledge that the claims of four (4) Plaintiffs, Andrew Finnie, Shakira Chance, Eric Harris and Destiny Pendarvi, are untimely under the extended three year statute of limitations period applicable to willful violations under the FLSA, if any, and thus, these Plaintiffs have no overtime claims under the FLSA. *See* 29 U.S.C. § 255(a).

The parties agreed that it would be advantageous for Plaintiffs and Defendants to attempt to mediate the Federal Action at an early juncture. In advance of the mediation, the parties engaged in separate fact investigations regarding the claims in the Federal Action, and Defendants provided Plaintiffs with relevant information regarding Plaintiffs' pay.

On May 13, 2022, the parties conducted mediation of the Federal Action before Mediator A. Lee Parks of Henning Mediation and Arbitration Services, Inc. (the "Mediator"). At the mediation, the parties agreed to settle the Federal Action on the terms contained herein. The parties acknowledge that the terms of this Agreement require court approval and that this Agreement is contingent on the court approving this Agreement and entering an order dismissing with prejudice all claims of the Plaintiffs in the Federal Action.

## SPECIFIC PROVISIONS

In exchange for the mutual promises contained herein and for other good and valuable consideration, the receipt of which is expressly acknowledged, the parties agree as follows:

PD.37991679.1


EXHIBIT A

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988

1. **Scope of Settlement.** This Agreement resolves the Federal Action and applies to any and all claims that Plaintiffs could have made during the Liability Period or that were asserted or could have been asserted in the Federal Action. The Plaintiffs acknowledge that the payments to be made under this Agreement constitute full payment of any and all compensation (including but not limited to overtime compensation and liquidated damages under the FLSA) allegedly due and owing in connection with the Federal Action, and the Plaintiffs forever waive, release, and discharge all rights, claims, or causes of action they have or may have against Defendants (and their parents, affiliates, subsidiaries, successors, current and former officers, current and former agents, and current and former employees) with respect to any and all claims they raised or could have raised in the Federal Action and any other claims specifically released by the terms of this Agreement.

2. **Payments by Defendants.**

    A. *Payments to Plaintiffs.* Subject to the approval of the court, Defendants agree to pay the Plaintiffs a gross sum total of Seventy Thousand Dollars ($70,000) in full compromise and settlement of any and all claims for unpaid wages and/or liquidated damages any Plaintiffs had, have, or may have against Defendants arising out of their employment with Defendants. The total sum to be paid to the Plaintiffs shall be allocated among the Plaintiffs on a pro-rata basis based on **Plaintiffs' Damages Model** as set forth in Exhibit A, attached. Counsel for Plaintiffs will mail and/or deliver the settlement checks to each Plaintiff within fifteen (15) business days after the Agreement is approved by the court. Each Plaintiff will be sent two checks to the home address provided to Plaintiffs' counsel: one check for the particular Plaintiff's claim for unpaid wages and one check for the particular Plaintiff's claim for liquidated damages (in the amounts allocated on Exhibit A). With respect to the unpaid wages check, Defendants will withhold from the check all applicable federal, state, and local taxes and any other standard withholdings, and will issue a Form W-2 with respect to the payment. With respect to the liquidated damages check, Defendants will not withhold any amount from the check and will issue a Form 1099 with respect to the payment. Plaintiffs otherwise shall be responsible for their own tax obligations with respect to the settlement payments sent to them. The checks will be valid for 90 days. Plaintiffs' counsel may send a notice to Plaintiffs reminding them to negotiate their check thirty (30) days after mailing the checks. Defendants shall retain the amounts of any checks that are not cashed within 90 days after issuance.

    B. *Additional Payment to Lauren Vogt.* Subject to approval by the court, within ten (10) business days after the Agreement is effective (*i.e.,* approved by the court), Defendants will pay opt-in plaintiff Lauren Vogt ("Vogt") an additional total gross amount of Five Hundred Dollars ($500) in consideration for the confidentiality and related provisions agreed to by Vogt in Section 6.

    C. *Attorneys' Fees and Costs.* Within ten (10) business days after the Agreement is effective (*i.e.,* approved by the court), Defendants will pay Plaintiffs' counsel a gross sum total of Sixty Thousand Six Hundred Eleven Dollars ($60,611) – which includes $60,000 in attorneys' fees and $611 in costs/expenses – in full settlement of any claims Marion or the Plaintiffs have, had, or may have as to the recovery of attorneys' fees and costs incurred in the Federal Action. This sum will be paid by two checks as follows: a) one check made payable to "Feldman Legal Group" in the amount of $40,611.00; and b) one check made payable to "Williams Law PA" in

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988

the amount of $20,000.00. Plaintiffs' counsel shall provide Defendants with W-9s for Feldman Legal Group and Williams Law PA within three (3) business days after the Agreement is effective (*i.e.*, approved by the court). The parties acknowledge and agree that this portion of the settlement represents compensation for disputed claims for attorneys' fees and costs incurred by Marion and the Plaintiffs and, therefore, as to this portion of the settlement payment, Defendants will issue respective Form 1099s to Feldman Legal Group and Williams Law PA, and will not make any deductions or withholdings. Marion, the opt-in party Plaintiffs, and Plaintiffs' counsel otherwise shall be responsible for their own tax obligations with respect to the attorneys' fees and costs payment. The parties represent that the amount of wages to be paid to the class was separately negotiated from the amount of attorneys' fees to be paid to counsel for the Plaintiffs, such that the amount of attorneys' fees and costs being paid by Defendants did not have any influence on the amount of the wages and liquidated damages being paid to the Plaintiffs. The parties further represent that they negotiated a compromise in the amount of attorneys' fees incurred by Plaintiffs, and this compromise represents a fair and reasonable resolution of the amount of attorneys' fees and costs and expenses to be paid by Defendants.

D. *Mediator's Costs.* Defendants shall be responsible for paying the entirety of the costs charged by the Mediator.

E. *No Additional Payments.* The parties agree that the payments set forth in this Section 2 constitute Defendants' sole monetary obligation to Marion, the opt-in party Plaintiffs, and Plaintiffs' counsel under this Agreement.[1]

3. **Marion and Plaintiffs' Obligations to Defendants.**

A. *Joint Motion for Approval of Settlement and Dismissal of Federal Action with Prejudice.* The parties understand and agree that this Agreement must be submitted to the Court for approval. The parties will jointly file a motion seeking approval of the Agreement and dismissal of the Federal Action with prejudice no later than July 15, 2022.

B. *Other Provisions.* Marion and all opt-in party Plaintiffs, by their express written consent via their execution of Consent to Join Collective Action forms filed in the Federal Action in which they authorized Plaintiff Marion to bind them to a settlement in the Federal Action, agree to be bound by the wage and liquidated damages claims release in section 4, below, in addition to, as applicable the non-admission and confidentiality provisions contained in Sections 5 and 6, below.

4. **Release of Wage/Liquidated Damages Claims (By All Plaintiffs).** All Plaintiffs hereby release and forever discharge Defendants (including their predecessors, parents,

---

[1] Marion and Weiner have another action pending against FLEETCOR, LLC, styled *Jaan Marion and Frederick Weiner v. FLEETCOR Technologies Operating Company, LLC*, Case No. 22-A-02226-3, in the Superior Court of Gwinnett County, State of Georgia (the "State Action"), in which they allege that FLEETCOR, LLC owes them commissions and stock options. Marion and Weiner have entered into a separate Confidential General Release Agreement with FLEETCOR, LLC in their individual capacities in which they agree to dismissal of the State Action with prejudice, a general release, and confidentiality provisions in exchange for additional payments from FLEETCOR, LLC.

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988

subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives) from any all claims that are based on or reasonably related to the claims asserted in the Federal Action, including any and all claims for unpaid overtime or minimum wages, unpaid compensation, interest, attorney's fees or liquidated damages any of them has, had, or hereafter may have against Defendants arising out of or based upon their employment with Defendants (including, without limitation, any and all unpaid minimum wage, overtime, or other unpaid wages or compensation claims under the FLSA or any other statutory, contract, or common law).

5. **Non-admission of Liability.** The parties acknowledge and agree that the settlement of the claims made by Marion and the other opt-in party Plaintiffs (i) does not constitute any admission of liability by Defendants; (ii) does not constitute an admission by Defendants of the validity of any of Marion's or the other opt-in party Plaintiffs' legal or factual contentions; and (iii) is solely for the purpose of avoiding the expense and inconvenience of further proceedings between the parties.

6. **Confidentiality; No Media Statements; Website; Joint Motion for Confidential Review; Non-Disparagement.**

A. Marion, opt-in Plaintiff Frederick Weiner ("Weiner"), Vogt and Plaintiffs' counsel agree that they shall not divulge, communicate, or otherwise disclose, directly or indirectly, to any person or entity, the terms of this Agreement, or the Agreement's negotiation, execution, or implementation (aside from disclosures by Plaintiffs' counsel that are necessary in connection with the motion seeking approval of the Agreement required by Section 3(A), above, and/or the motion requesting *in camera* review of the Agreement required by Section 6(C), below). Marion, Weiner, Vogt and Plaintiffs' counsel further agree that they shall not initiate or cause the initiation of any communications concerning the settlement with any media organization and/or respond to or cause a response to be made as to any communications concerning the settlement with any media organization. If Marion, Weiner, Vogt or Plaintiffs' counsel are contacted by a media organization regarding this settlement, they will only state that this matter has settled.

B. Marion, Weiner and Vogt agree that they shall not make any negative or disparaging comments, whether verbally or in writing, about Defendants (including their predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives) to any person or entity.

C. Marion, on behalf of himself individually and on behalf of the other Plaintiffs, further agrees to jointly file with Defendants a motion requesting that the court in the Federal Action review the terms of this Agreement *in camera*.[2]

---

[2] Confidentiality is a material term of this Agreement and was an express condition upon which settlement was reached. If the court denies the parties' motion for *in camera* review of the Agreement and requires the parties to file the Agreement, then only at that point the parties agree to the filing of the Agreement with the court.

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988

7. **Entire Agreement.** This Agreement, including Exhibit A, represents the sole and entire agreement between the parties and supersedes any and all prior agreements, negotiations, or discussions between the parties and/or their respective counsel with respect to the subject matter covered in this Agreement to the extent a conflict exists. The parties further agree that this Agreement may not be modified orally, and that any modification of this Agreement must be in writing and signed by all parties.

8. **Informed, Voluntary Signature.** In entering into this Agreement, Marion, for himself and on behalf of the other Plaintiffs, and Weiner represent that, before executing this Agreement, they have completely read all the terms herein and that they fully understand and voluntarily accept the terms after having the opportunity to consult adequate legal counsel of their choice. Marion, for himself and on behalf of the other Plaintiffs, and Weiner further acknowledge and agree that they have received a reasonable period of time to consider this Agreement and that the subsequent discovery of any facts by them, whether or not existing on the date of this Agreement and no matter how material, shall have no effect on the validity of the Agreement.

9. **Attorneys' Fees and Costs.** Other than as set forth in Section 2(C), above, the parties agree to bear their own attorneys' fees and costs in connection with the Federal Action, including in the preparation and implementation of this Agreement and Plaintiffs' entitlement, if any, to attorney fees and costs pursuant to Section 216(b) of the FLSA. However, in the event that either party institutes an action to enforce any provision contained in this Agreement, the prevailing party shall be entitled to recover attorneys' fees and costs from the other party, including any fees and costs on any appeal(s).

10. **Miscellaneous.**

A.  The parties agree that this Agreement shall be interpreted and enforced in accordance with Georgia law and federal law applicable to FLSA actions.

B.  If one or more paragraph(s) of this Agreement are later ruled invalid or unenforceable, such invalidity or unenforceability shall not affect any other provision of the Agreement, which shall remain in full force and effect.

C.  This settlement is contingent upon court approval of this Agreement and the dismissal with prejudice of the Federal Action. If, for whatever reason, the court does not approve this Agreement, then all parties are discharged of any and all obligations they have under the terms of this Agreement.

D.  As used in this Agreement, the term "Marion" shall mean Jaan Marion, as well as his heirs, personal representatives, assigns, successors, agents, and attorneys.

E.  As used in this Agreement, the term "Weiner" shall mean Frederick Weiner, as well as his heirs, personal representatives, assigns, successors, agents, and attorneys.

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988

F.  As used in this Agreement, the term "Plaintiffs" shall mean the eighteen (18) opt-in plaintiffs (including Marion and Weiner), who filed with the court consents to join the Federal Action as party plaintiffs. Plaintiffs are listed in Exhibit A, which is attached and incorporated into this Agreement.

G.  As used in this Agreement, the term "FLEETCOR, LLC" shall mean FLEETCOR Technologies Operating Company, LLC, as well as its predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives.

H.  As used in this Agreement, the term "FLEETCOR, Inc." shall mean FLEETCOR Technologies, Inc., as well as its predecessors, parents, subsidiaries, affiliated organizations, benefit plans, benefit plan administrators, benefit plan fiduciaries, and their respective successors and assigns together with their respective owners, directors, officers, employees, agents, attorneys, representatives, shareholders, and their respective heirs and personal representatives.

I.  As used in this Agreement, the term "Liability Period" shall mean the period from December 18, 2018, through the date this Agreement becomes effective (*i.e.*, approved by the court).

J.  Should any provision of this Agreement be declared invalid or unenforceable by the court in reviewing and approving this settlement agreement, such invalidity or unenforceability shall not affect the remainder of the Agreement in any manner, which shall remain in full force and effect.

K.  The Parties may execute this Agreement in counterparts, each of which shall be deemed an original, and all of which taken together shall constitute one and the same instrument. Delivery of an executed counterpart's signature page of this Agreement, by facsimile, electronic mail in portable document format (.pdf), or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, has the same effect as delivery of an executed original of this Agreement.

Entered and agreed to on this ___ day of _____, 2022.

AGREED TO BY PLAINTIFFS:

*[signature]*
Jaan Marion (Jul 13, 2022 15:19 EDT)
Jaan Marion, Individually and on Behalf of
Opt-In Party Plaintiffs

Jul 13, 2022
Date

6

SIGNED FOR SECTION 6 ONLY:

_____
FREDERICK WEINER (Jul 13, 2022 23:04 EDT)
Frederick Weiner

Jul 13, 2022
Date

_____
Lauren Vogt

Date

_____
Attorney for all Plaintiffs
on Behalf of Plaintiffs

07 / 15 / 2022
Date

AGREED TO BY DEFENDANTS:

_____
For FLEETCOR Technologies Operating Company,
LLC & FLEETCOR Technologies, Inc.

7/7/2022
Date

Its: CHRO

7

SIGNED FOR SECTION
6 ONLY:

_____          _____
Frederick Weiner                                                    Date

*Lauren Vogt (Jul 13, 2022 15:06 EDT)*
_____          **Jul 13, 2022**
Lauren Vogt                                                         _____
                                                                    Date


_____          _____
Attorney for all Plaintiffs                                         Date
on Behalf of Plaintiffs



AGREED TO BY DEFENDANTS:

_____          ___7/7/2022_____
For FLEETCOR Technologies Operating Company,   Date
LLC & FLEETCOR Technologies, Inc.



Its: _CHRO_____

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988

## EXHIBIT A

| Full Name | Total Settlement | W2 Wages | 1099 Damages |
|---|---|---|---|
| Jaan Marion | $8,588.24 | $4,294.12 | $4,294.12 |
| Andrew Finnie | $100.00 | $50.00 | $50.00 |
| Deidre Gomez Stewart | $500.00 | $250.00 | $250.00 |
| Alissa Crow | $7,094.12 | $3,547.06 | $3,547.06 |
| Abisola Rufai | $8,941.18 | $4,470.59 | $4,470.59 |
| Sandra Perry | $5,882.35 | $2,941.18 | $2,941.18 |
| Timothy Moore | $6,482.35 | $3,241.18 | $3,241.18 |
| Kwazi Jahde | $2,235.29 | $1,117.65 | $1,117.65 |
| Lauren Vogt | $941.18 | $470.59 | $470.59 |
| Donald Green | $7,647.06 | $3,823.53 | $3,823.53 |
| Kelvin McQuilkin | $7,482.35 | $3,741.18 | $3,741.18 |
| Shakira Chance | $100.00 | $50.00 | $50.00 |
| Xavier Brodie | $500.00 | $250.00 | $250.00 |
| Frederick Weiner | $3,764.71 | $1,882.35 | $1,882.35 |
| Eric Harris | $100.00 | $50.00 | $50.00 |
| Destiny Pendarvis | $100.00 | $50.00 | $50.00 |
| Lillian Minchenko | $3,294.12 | $1,647.06 | $1,647.06 |
| Desiree Slaton | $6,247.06 | $3,123.53 | $3,123.53 |
| **Total Settlement** | **$70,000.00** | | |
| | | | |
| **Additional Payment to Vogt Pursuant to Section 2 B** | | | $500.00 |

Doc ID: 65a7a02c77770024c308df5c48d73be8b2123988