IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAAN MARION, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>FLEETCOR TECHNOLOGIES OPERATING COMPANY, LLC, and FLEETCOR TECHNOLOGIES INC.,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:21-CV-4936-MHC |

### ORDER

This case comes before the Court on the parties' Joint Motion for Approval of Settlement Agreement ("Mot. for Approval") [Doc. 46].

Plaintiff Jaan Marion ("Marion"), on behalf of himself and others similarly situated, sued his joint employers, Defendants Fleetcor Technologies Operating Company, LLC and Fleetcor Technologies, Inc. (collectively, "Fleetcor") to recover unpaid overtime compensation due under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Compl. [Doc. 1] ¶¶ 4-5, 87-105. Marion is joined by seventeen current and/or former employees of Fleetcor (collectively, "Plaintiffs") who have opted into this action. Mot. for Approval at 4; see also

Notices of Filing Consent to Join Collective Action Forms [Docs. 4 through 8, 10, 12, 13, 15, 23, 25, 27, and 40].

The parties stipulated to a stay of the case while they engaged in private mediation [Doc. 38] which this Court granted. April 14, 2022, Order [Doc. 39]. On May 18, 2022, the parties notified the Court that they had reached a settlement and indicated that a written settlement agreement would be executed and submitted to the Court for approval. Pl.'s Notice to the Court of FLSA Settlement [Doc. 42]. On July 7, 2022, the parties requested that this Court review their proposed settlement agreement *in camera*, Joint Mot. to Submit Proposed Settlement Agreement to the Court for *In Camera* Review [Doc. 44], which this Court denied. July 7, 2022, Order [Doc. 45]. In its Order denying *in camera* review of the settlement agreement, the Court noted that "[t]he presumption of public access to FLSA settlement agreements is particularly strong." Id. at 4. The Court further observed that "[t]he reasons urged by the parties to justify their extraordinary request to review the settlement agreement *in camera* . . . are not extraordinary but typical reasons that employers prefer to keep their settlements confidential." Id. (citing cases). Therefore, the Court ordered the parties to file their settlement agreement on the public docket. Id. at 7.

The parties have now filed their Motion for Approval, attaching the parties FLSA Settlement Agreement ("Settlement Agreement") [Doc. 46-1]. The Settlement Agreement purports to settle all of Plaintiffs' claims arising from this action. Settlement Agreement § 1. The Settlement Agreement also includes a confidentiality section prohibiting Marion, two of the opt-in plaintiffs, and Plaintiffs' counsel from disclosing the terms of the Settlement Agreement. Id. § 6.A. In addition, the Settlement Agreement provides for an additional payment of five-hundred dollars to opt-in plaintiff Lauren Vogt "in consideration for the confidentiality and related provisions agreed to by Vogt in Section 6." Id. § 2B. As previously discussed in this Court's Order denying *in camera* review of the Settlement Agreement, this Court will not approve confidential FLSA settlements. July 7, 2022, Order at 3-7.

The Court conducted a telephone conference on July 15, 2022, and has reviewed the parties' Settlement Agreement to determine its adequacy and consistency with the requirements of the Fair Labor Standards Act, 29 U.S.C. § 216. See Lynn's Food, 679 F.2d at 1353. After a review of the parties' submissions, the entirety of the record, and argument from counsel, the Court finds that the Settlement Agreement is a fair and reasonable resolution of the underlying dispute with the exception of Section 6.A of the Settlement Agreement, which

3

contains a confidentiality provision, and Section 2.B, which provides additional compensation in return for agreement to the confidentiality provision. Because these provisions impermissibly frustrate the implementation of the FLSA, the Court hereby **STRIKES** Section 2.B and Section 6.A of the Settlement Agreement. The remainder of the settlement is approved. The parties have consented to proceeding with the settlement despite the Court striking Sections 2.B and 6.A.[1]

In accordance with the foregoing, it is hereby **ORDERED** that the parties' Joint Motion for Approval of Settlement Agreement [Doc. 46] is **GRANTED AS MODIFIED** by this Order. Sections 2.B and 6.A are hereby struck from the Settlement Agreement. The remaining provisions are approved. Upon consideration of the parties' Motion for Approval, the Court **ORDERS** that the payments of the settlement amount and attorney's fees shall be made as provided in the Settlement Agreement. Except as stated in the Settlement Agreement, each party shall bear its own costs of litigation, including attorney's fees.

---

[1] Moreover, the Settlement Agreement provides that "[s]hould any provision of this Agreement be declared invalid or unenforceable by the court in reviewing and approving this settlement agreement, such invalidity or unenforceability shall not affect the remainder of the Agreement in any manner, which shall remain in full force and effect." Settlement Agreement § 10.J.

It is **FURTHER ORDERED** that all claims in the above-styled action are hereby **DISMISSED** with prejudice.

The Clerk is directed to **CLOSE** the case.

**IT IS SO ORDERED** this 18th day of July, 2022.

_____
MARK H. COHEN
United States District Judge